UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LORI ADAMS-BENJAMIN, | Case No.: 19-CV-2029 JLS (AGS) |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*** |
| vs. | |
| CHAD WOLF, Acting Secretary of the Department of Homeland Security | (ECF No. 2) |
| Defendant. | |

Presently before the Court is Plaintiff Lori Adams-Benjamin's Motion to Proceed *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). On October 22, 2019, Plaintiff, proceeding *pro se*, filed a Complaint alleging employment discrimination and retaliation against Defendant Kevin K. McAleenan,[1] Acting Secretary of the Department of Homeland Security. *See generally* ECF No. 1 ("Compl.").

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and

/ / /

---

[1] Mr. McAleenan has since resigned. Chad Wolf assumed the office of Acting Secretary of the Department of Homeland Security on November 13, 2019.

1

administration fees totaling $400.[2] 28 U.S.C. § 1914(a). A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda*, 787 F.3d at 1234. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

In *Escobeda*, for example, the filing fees constituted forty percent of the plaintiff's monthly income before factoring in her expenses. *Id.* at 1235. Taking into account the plaintiff's rent and debt payments, the filing fee would have required the entirety of two months' worth of her remaining funds, meaning that the plaintiff "would have to forgo eating during those sixty days, to save up to pay the filing fee." *Id.* Under those circumstances, the Ninth Circuit determined that paying the filing fee would constitute a significant financial hardship to the plaintiff. *Id.* Accordingly, the court reversed the magistrate judge's ruling denying the plaintiff IFP status. *Id.* at 1236.

Here, the Court concludes that Plaintiff has not met her burden of demonstrating that payment of the filing fee would constitute an undue financial hardship. Plaintiff's affidavit indicates her gross monthly income is $4,014.30, Mot. at 1–2, and her monthly expenses total $3,135.34. *Id.* at 5. The sum of her individually listed expenses, however, is $5,480.45. *Id.* at 4–5. Due to the discrepancy in Plaintiff's affidavit, the Court is unable to determine whether Plaintiff can afford her monthly obligations in addition to the requisite filing fee. Potentially, Plaintiff has a monthly surplus of $800, more than twice

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

the amount of the filing fee. Plaintiff also indicates that she has $1,000 in cash and $1,000 in her savings account. *Id.* at 2. It is unclear why Plaintiff is unable to use these funds to pay the administrative filing fee.

Further, Plaintiff lists expenses beyond those necessary for life. For example, Plaintiff budgets $199 per month for cable and $217 per month for public storage. *Id.* at 4. Plaintiff's discretionary spending therefore exceeds the cost of the filing fee. Because it appears Plaintiff has sufficient income to afford life's necessities in addition to the filing fee, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $400 statutory and administrative filing fee, or (2) file a new IFP Motion alleging she is unable to pay the requisite fees.

**IT IS SO ORDERED.**

Dated: January 28, 2020

Hon. Janis L. Sammartino
United States District Judge

3

19-CV-2029 JLS (AGS)